## In re EITZEN.

### Patent Appeal No. 3707.

Court of Customs and Patent Appeals.
Dec. 7, 1936.

Gustav Drews, of New York City (Hans V. Briesen, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

Appellant has filed in the United States Patent Office an application for patent entitled "For Tape Printing and Projecting Apparatus."

Twelve claims were allowed, but the Examiner rejected claims 13, 14, 15, and 16 upon the ground that the same lacked patentability in view of the prior art. Upon appeal the Board of Appeals affirmed the decision of the Examiner rejecting said claims, and from such decision of the Board this appeal was taken.

Claim 13 is illustrative of the claims before us and reads as follows: "13. Projecting apparatus of the character described comprising a single source of light and a plurality of light apertures therefor, a pair of rear projection screens facing in inspection areas spaced from one another, means for successively drawing marked tape across said light apertures with the printed matter of the successive tape portions facing in opposite directions to produce image impressed light beams, and means for projecting such image impressed light beams onto the rear faces of said screens, said latter means including a plurality of mirrors and an objective lens unit for each light aperture disposed within the area located behind said screens and between said inspection areas."

The references relied upon are as follows: Gallo et al., (French), 456,917, June 30, 1913; Daine, 1,664,772, April 3, 1928; Dirkes, 1,684,309, September 11, 1928.

Appellant's alleged invention is described by the Board of Appeals as follows: "The subject matter of the appealed claims relates to tape printing and projecting devices. Broadly, the apparatus is suitable for use in stockbrokers' offices to project the data as received upon ticker tape on screens which may be of the translucent type so that they may be read by a number of persons. Broadly, applicant provides two screens 72–75 facing in opposite directions and provides two projecting zones or apertures so arranged that the tape travels first over one aperture and the data is projected upon one screen then is turned about to a parallel path and travels over the second projecting aperture and the data is projected upon the second screen."

The patent to Gallo et al. is the principal reference relied upon by the Patent Office tribunals. It relates to motion picture machines and discloses an arrangement for projecting a plurality of images from a motion picture film drawn successively across four spaced projection apertures. A single light source is provided, and through the use of mirrors three of the projections are thrown upon screens, while one of the projections is thrown upon a screen without the use of mirrors.

The patent to Dirkes discloses marked transparent ticker tape, means for feeding the tape horizontally over a support, and means, including mirrors, for projecting an image from the tape to a vertically extending translucent screen.

The patent to Daine shows a ticker from which transparent tape is fed horizontally over a projection aperture, below which is a light source, and condensing lenses for directing light through the tape and through a projection lens to a reflector, and then on to a translucent screen. Neither of the two last-named patents embraces multiple projection of images.

The Examiner rejected all of the claims included in the appeal on Gallo et al. alone, and said claims were further rejected as unpatentable over Gallo et al. in view of either Dirkes or Daine.

These last two patents were relied upon principally to illustrate the projection of data from ticker tape to an elevated screen.

The Board of Appeals expressly approved all of the reasons given by the Examiner for the rejection of the claims.

Appellant has been allowed claims embracing specific structure set out in his application, and the claims before us are much broader than are the claims allowed.

Considering that single projections of images of successive markings from a ticker tape are shown in the prior art, and that Gallo et al. show multiple projections of motion picture images from a single light source, we are constrained to hold that one skilled in the art, with the references before him, could produce appellant's combinations without the exercise of invention.

Appellant, however, contends that Gallo et al. disclose an inoperative device, and that said patent is therefore not available as a reference, appellant asserting that some of the images projected according to the drawings in the patent would be upside down and reversed upon the screen. There is sharp conflict between the Examiner and appellant upon this point. However this may be, we are in accord with the decision of the Board of Appeals wherein it is stated: "* * * The details in the appealed claims concerning particular directions of reflection of the light beam and reversal of image by a lens system is regarded as not constituting invention in this relation. These details are only elementary optical features depending on mere choice of direction and where it is desired to display the projected view."

Appellant calls attention to the fact that Gallo et al. is a foreign patent and cites our decision in the case of In re Gillam, 37 F.(2d) 959, 17 C.C.P.A.(Patents) 877, wherein we said: "In the case of foreign patents, it has been held that they cannot be measured as anticipatory by what might be made out of them, but only what is clearly and definitely expressed in them."

However, in the case of In re Crowley, 74 F.(2d) 753, 756, 22 C.C.P.A.(Patents) 881, we said: "It is quite true that under many authorities a certain distinction has been declared between foreign and domestic patents when used as references, but certainly there is no authority which holds that what is clearly disclosed in a foreign patent may not be combined with the disclosures of other patents to negative patentability. The rule is to the contrary. In re Cross, 62 F.(2d) 182, 20 C.C.P.A. (Patents) 710."

As a matter of fact, the patent to Gallo et al. was relied upon by the Patent Office tribunals for what it clearly discloses, viz., a multiple projection of images from a single light source; and if, as appellant contends, it is inoperative so far as the position of the images upon the screens is concerned, it is obvious that one skilled in the art could readily, and without the exercise of invention, make the same operative in view of the other references cited. Robbins v. Steinbart, 57 F.(2d) 378, 19 C.C.P.A.(Patents) 1069.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.